IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CAPITAL CITY INSURANCE COMPANY INC. AND REDLAND INSURANCE COMPANY,<br><br>PLAINTIFFS,<br><br>v.<br><br>FORKS TIMBER COMPANY, INC. AND HERITAGEBANK OF THE SOUTH, AS SUCCESSOR-IN-INTEREST TO THE TATTNALL BANK,<br><br>DEFENDANTS. | Civil Action File Number: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW, Capital City Insurance Company, Inc. and Redland Insurance Company, Plaintiffs in the above-captioned action for declaratory judgment, and show the Court the following:

NATURE OF ACTION

1.

This is a declaratory judgment action in which Plaintiffs Capital City Insurance Company, Inc. and Redland Insurance Company seek a judgment by this Court declaring that Defendant Forks Timber Company, Inc. is not entitled to a defense, coverage or indemnity under any commercial general liability insurance policy issued by Plaintiffs in regards to the alleged acts of contracting for, purchasing, cutting and removal of timber in which Defendant HeritageBank of the South, as Successor-in-Interest to the Tattnall Bank, purportedly held some interest.

- 1 -

PARTIES TO THIS ACTION

2.

Plaintiff Capital City Insurance Company, Inc. (hereafter referred to as "Capital City") is an insurance company whose principal place of business is located in Columbia, South Carolina. Plaintiff Capital City is licensed and authorized to do business in the State of Georgia.

3.

Plaintiff Redland Insurance Company (hereafter referred to as "Redland") is an insurance company whose principal place of business is located in New York, New York. Plaintiff Redland is licensed and authorized to do business in the State of Georgia.

4.

Defendant Forks Timber Company, Inc. (hereafter referred to as "Forks Timber") is a corporation whose principal place of business is located in the city of Alma, Bacon County, Georgia. Defendant Forks Timber is subject to the jurisdiction and venue of this Court and has agreed to acknowledge service of this Complaint for Declaratory Judgment.

5.

Defendant HeritageBank of the South, as Successor-in-Interest to the Tattnall Bank, (hereafter referred to as "HeritageBank") is a bank whose principal place of business is located in the city of Albany, Georgia. Defendant HeritageBank is subject to the jurisdiction and venue of this Court and has agreed to acknowledge service of this Complaint for Declaratory Judgment.

BASIS OF FEDERAL COURT JURISDICTION AND VENUE

6.

The Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00. Further, the alleged events at issue occurred, and property at

issue is situated, within this Court's district and division. Therefore, diversity jurisdiction obtains in this Court under the provisions of 28 U.S.C. § 1332, and venue is proper pursuant to 28 U.S.C. § 1391.

## OPERATIVE FACTS

7.

Defendant Forks Timber was the named insured under a commercial general liability insurance policy issued by Plaintiff Capital City, bearing policy number 01-GL-403129 (hereafter referred to as the "Capital City CGL policy"), subject to said policy's terms, conditions, provisions, and exclusions.

8.

The Capital City CGL policy was issued in 2006 and renewed in 2007 and 2008.

9.

True, correct and genuine copies of the Capital City CGL insurance policy, as well as its renewals which contain the same terms, conditions, provisions, and exclusions, are attached hereto as Exhibits "A1," "A2," and "A3."

10.

The Capital City CGL insurance policy and its renewals were issued and delivered in Georgia, and thus, their construction and interpretation is pursuant to the applicable laws of Georgia.

11.

Defendant Forks Timber was the named insured under a commercial general liability insurance policy issued by Plaintiff Redland, bearing policy number RICQB0001096 (hereafter

referred to as the "Redland CGL policy"), subject to said policy's terms, conditions, provisions, and exclusions.

12.

The Redland CGL policy was issued in 2009.

13.

A true, correct and genuine copy of the Redland CGL insurance policy is attached hereto as Exhibit "B."

14.

The Redland CGL insurance policy was issued and delivered in Georgia, and thus, its construction and interpretation is pursuant to the applicable laws of Georgia.

15.

Defendant HeritageBank has alleged that Defendant Forks Timber entered into contracts for, bought, cut and removed timber in which Defendant HeritageBank had a purported interest.

16.

On or about March 7, 2011, Defendant HeritageBank filed an action against Defendant Forks Timber which is presently pending in the Superior Court of Bacon County, Georgia, and there styled: <u>HeritageBank of the South, as Successor-in-Interest to the Tattnall Bank vs. Forks Timber Company, Inc.</u>, and bearing civil action file number 11-V-053 (hereafter referred to as the "underlying complaint for contract for, purchase, cutting and removal of timber" or simply the "underlying complaint").

17.

A true, correct and genuine copy of said underlying complaint filed in the Superior Court of Bacon County, Georgia, is attached hereto as Exhibit "C."

18.

As demonstrated by the said underlying complaint, as a result of Forks Timber's alleged contract for, purchase, cutting and removal of timber, Defendant HeritageBank has alleged that Defendant Forks Timber has shown willful misconduct such that Defendant HeritageBank alleges it is entitled to damages, including punitive damages.

19.

The said underlying complaint for contract for, purchase, cutting and removal of timber alleges two contract dates, August 22, 2007 ("Contract 1"), and November 11, 2009 ("Contract 2"), whereby Defendant Forks Timber allegedly contracted for, purchased, cut and removed timber, in which Defendant HeritageBank alleges it held some purported interest.

20.

Defendants contend that Defendant Forks Timber's alleged actions in regards to "Contract 1" are covered by the aforesaid Plaintiff Capital City's CGL policy and that Defendant Forks Timber's alleged actions in regards to "Contract 2" are covered by the aforesaid Plaintiff Redland's CGL policy. Plaintiffs Capital City and Redland dispute this.

21.

Defendants HeritageBank and Forks Timber claim that there is coverage for the alleged actions at issue in the underlying complaint and that Plaintiffs must indemnify and provide a defense for Forks Timber.

22.

Plaintiffs dispute that any CGL insurance policy issued to Forks Timber provides any coverage for the claims at issue in the underlying complaint and deny that they are obligated to

- 5 -

indemnify Forks Timber and provide them a defense. By virtue of these facts, an actual controversy exists between Plaintiffs and these Defendants herein.

MATERIAL PROVISIONS OF THE COMMERCIAL GENERAL LIABILITY POLICIES

23.

Plaintiffs show that all of the aforesaid CGL policies Plaintiffs issued to Forks Timber, attached hereto and by reference incorporated as if fully stated herein, contain the following insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" and "property damage" is caused by an "occurrence"

24.

Plaintiffs show further that the aforesaid CGL policies contain the following definition of "occurrence":

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

- 6 -

## THE CLAIMS AT ISSUE IN THE UNDERLYING COMPLAINT AGAINST FORKS TIMBER ARE NOT COVERED BY THE COMMERCIAL GENERAL LIABILITY POLICIES ISSUED BY PLAINTIFFS

25.

Plaintiffs show that the purported causes of action alleged against Forks Timber in the underlying complaint do not meet the definition under the aforesaid CGL policies of an "occurrence."

26.

An "occurrence," which is defined in each of the aforesaid CGL policies as an "accident," is a prerequisite to coverage.

27.

The alleged actions of Forks Timber, as alleged in the underlying complaint, do not arise from an "accident," but rather, involve alleged intentional and willful misconduct.

28.

By virtue of the failure of the alleged actions of Forks Timber, as alleged in the underlying Complaint, to meet the aforesaid threshold definitional requirement of any "accident" or "occurrence," Plaintiffs show that they are not required nor obligated under law to provide any coverage, indemnification or defense in regards to the underlying complaint.

## RIGHT TO DECLARATORY JUDGMENT

29.

Plaintiffs show that an actual controversy exists between Plaintiffs and Defendants arising from Defendants' contention that they are entitled to coverage, indemnity and a defense under the aforesaid Plaintiffs' CGL policies, while at the same time Plaintiffs contend that there

is no coverage, and thus no duty to defend or indemnify Defendants under any of the said CGL policies.

30.

Plaintiff Capital City has assumed and is providing the defense of Defendant Forks Timber in regards to the underlying complaint for contract for, purchase, cutting and removal of timber, subject to a reservation of rights that Plaintiff Capital City sent to Defendant Forks Timber. Plaintiff Redland has not assumed and is not providing any defense to Defendant Forks Timber; however, Plaintiff Redland, like Plaintiff Capital City, faces uncertainty in regards to whether its policy provides coverage and whether it is under any duty to indemnify Defendants regarding the underlying complaint for contract for, purchase, cutting and removal of timber.

31.

Plaintiffs further show that by virtue of the premises herein, Plaintiffs have no adequate remedy at law, and are met with uncertainty and insecurity about their future actions in regards to their aforesaid CGL policies and the aforesaid underlying complaint. Declaratory judgment by this Court will remove that uncertainty and insecurity and resolve the actual controversy at issue.

WHEREFORE, Plaintiffs pray that:

a) Process issue as provided by law;

b) Service of process be perfected upon Defendants as provided by law;

c) This Court enter a declaratory judgment that no CGL policy issued by Plaintiffs Capital or Redland provides any coverage in regards to the underlying complaint and the alleged facts that are the basis thereof for contract for, purchase, cutting and removal of timber, which is presently pending in the Superior Court of Bacon

County, Georgia, and there styled: <u>HeritageBank of the South, as Successor-in-Interest to the Tattnall Bank vs. Forks Timber Company, Inc.</u>, and bearing civil action file number 11-V-053;

d) This Court enter a declaratory judgment that Defendants are not entitled to any indemnity from Plaintiffs Capital City or Redland for any damages that may be assessed in the underlying complaint for contract for, purchase, cutting and removal of timber, or otherwise;

e) This Court enter a declaratory judgment that Forks Timber is not entitled to a defense from Plaintiffs Capital City or Redland regarding the underlying complaint for contract for, purchase, cutting and removal of timber nor any of the purported facts that are the basis thereof, under any CGL policy issued by Plaintiffs Capital City or Redland; and

f) Plaintiffs have and recover such other and further relief as this Court may deem just and proper.

Respectfully submitted this 4th day of May, 2011.

/s/ Frank E. Jenkins, III  
Frank E. Jenkins, III  
Georgia Bar Number 390550  
Erik J. Pirozzi, admission pro hac vice pending  
Georgia Bar Number 580772  
*Attorneys for Plaintiffs*

JENKINS, OLSON & BOWEN, P.C.
15 South Public Square
Cartersville, Georgia 30120
(770) 387-1373
Facsimile (770) 387-2396
Email: fjenkins@ga-lawyers.pro
Email: epirozzi@ga-lawyers.pro

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CAPITAL CITY INSURANCE COMPANY INC., AND REDLAND INSURANCE COMPANY, <br><br> PLAINITFFS, <br><br> v. <br><br> FORKS TIMBER COMPANY, INC. AND HERITAGEBANK OF THE SOUTH, AS SUCCESSOR-IN-INTEREST TO THE TATNALL BANK, <br><br> DEFENDANTS. | ) ) ) ) ) ) Civil Action File Number: ) ) ) ) ) ) ) ) ) |

## **VERIFICATION**

Personally appeared before me the undersigned officer duly authorized to administer oaths, Kimberly D. Jastrzembski, who having been duly sworn, avers under oath that she is staff counsel with Deep South, which is the managing general agent for Plaintiffs Capital City Insurance Company, Inc. and Redland Insurance Company, and that she is authorized to make this verification on their behalf, and further avers that the allegations contained within the Complaint for Declaratory Judgment filed in the above-styled case are true and correct to the best of her knowledge and belief.

_____
Kimberly D. Jastrzembski

Sworn to and subscribed before me
this 4th day of May, 2011.

_____
Notary Public
My commission expires: For Life

MARION P. MARKRAY, NOTARY PUBLIC
CADDO PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE
NOTARY ID # 69721